UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FERNANDO TELLEZ LEYVA,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT, *et al.*,<br><br>Respondents. | CASE NO. 2:26-cv-03631-GJL<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Fernando Tellez Leyva is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On September 26, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release. *Id.* Respondents to the Petition include Bruce Scott (Warden of the NWIPC) and Markwayne Mullin (U.S. Department of Homeland Security ("DHS") Secretary).[1] The Petition is fully briefed. Dkts. 1, 8, 11.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition (Dkt. 1) and **ORDERS** Petitioner's immediate release as set forth below.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 7.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico who has lived in the United States for approximately twenty-seven years. Dkt. 1 at 2–3. Petitioner is a member of the certified "Bond Denial Class" in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), which was affirmed by the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). In a previous habeas action filed by the Petitioner, United States District Judge Tiffany M. Cartwright found that Petitioner's mandatory detention without individualized process was unlawful, granted habeas relief, and ordered that Petitioner receive an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). *Ay Chan v. Hernandez*, 2:26-cv-02467-TMC, Dkt. 10 (W.D. Wash. Jul. 16, 2026).

Pursuant to that relief, Petitioner received a bond hearing before Immigration Judge ("IJ") Tammy Fitting on September 11, 2026. Dkt. 2 at 5–6. In advance of the hearing, Petitioner submitted evidence in support of his request for release. Dkt. 2 at 2; Dkt. 3. Among other things, Petitioner's submissions demonstrated his continuous residence in the United States for more than two decades, his limited and remote criminal history, his marriage to a United States citizen, and his verified sponsor, who offered to support Petitioner upon release and ensure his compliance with any conditions of release. Dkt. 3 at 7–27. The government's evidentiary submissions included a DHS I-213 Form and the prior habeas order. Dkt. 9-2; Dkt. 10 at 3.

A transcript of the bond proceedings was submitted for the Court's review. Dkt. 9-6. At the bond hearing, the IJ admitted the parties' evidence into the record, confirmed that Petitioner bore the burden of demonstrating that he was neither a danger nor a flight risk, and permitted Petitioner's counsel to present his case. Dkt. 9-6 at 3–5. Petitioner's counsel explained that Petitioner is a 57-year-old citizen of Mexico who has resided in the United States since 1999. *Id.* at 5. Counsel represented that Petitioner had applied for cancellation of removal for a

nonpermanent resident and had been the beneficiary of an I-130 petition filed by his United States citizen spouse, which was recently denied.[2] *Id.* at 5–6. Counsel also identified evidence of Petitioner's family ties in the United States, his employment history, his residence with extended family (to include his sponsor), his possession of a driver's license and vehicle insurance, and his history of paying taxes. *Id.* at 6–9. Counsel acknowledged that Petitioner had entered the United States without inspection and lacked employment authorization. *Id.* at 8–9. Finally, counsel requested that the IJ set reasonable bond of $8,000. *Id.* at 9.

The government opposed bond, arguing that Petitioner had failed to seek relief from removal despite residing in the United States for decades, had worked without authorization, and had only speculative prospects for obtaining relief from removal. *Id.* at 9–10.

The IJ then inquired about Petitioner's criminal history, noting the government's evidence that Petitioner had been arrested for driving under the influence in 2000 and driving with a suspended license in 2003. *Id.* at 10; Dkt. 9-2. Consistent with the government's evidence, Petitioner's counsel clarified that Petitioner had not been convicted of driving under the influence. Dkt. 9-6 at 10; Dkt. 9-2. The IJ also noted that Petitioner had been processed for voluntary return to Mexico on three occasions, followed by subsequent reentry into the United States.[3] Dkt. 9-6 at 10–11.

Following these exchanges, the IJ denied bond, stating:

> Well, given all the evidence of record, I am going to find the Respondent is a danger and a flight risk. I'm also concerned he's trying to not have his hearing right away to try to legalize his status. He seems to be avoiding that, but nonetheless, given all the evidence, I find he's a danger and flight risk. I deny bond and/or conditions.

---

[2] According to the DHS Form I-213 submitted by Respondents, Petitioner's spouse filed an I-130 Petition on December 23, 2024, which was denied on April 30, 2026. Dkt. 9-3.

[3] According to the DHS Form I-213, Border Patrol apprehended Petitioner and processed him for voluntary return to Mexico on three occasions between May 14 and May 24, 1999. Dkt. 9-3.

*Id.* at 11. And, following the hearing, IJ Fitting issued a written bond decision on a checkbox form marking the following:

> [X]ORDERED that the request for a change in custody status be denied.
>
> * * *
>
> [X]Danger to Community [X] Flight Risk
>
> [X]OTHER: Conditional release is: [ ] granted [X] denied [ ] was not requested
>
> * * *
>
> [X] Ability to pay considered
>
> [X] Failure to appear and address requirements provided.

Dkt. 2 at 5–6. The checkbox order does not include *any* other reason, explanation, or discussion of the bond denial decision or the evidence upon which it rested. *Id.*

## II. PROCEDURAL BACKGROUND

Petitioner initiated this action on September 26, 2026, by filing a federal habeas Petition and supporting materials. Dkt. 1; Dkts. 2, 3. Respondents filed a Return and supporting materials on October 13, 2026. Dkt. 8; Dkts. 9, 9-1–9-6; Dkt. 10. Petitioner filed a timely Traverse. Dkt. 11. Thus, this matter is now fully briefed and ready for consideration by the Court.

## III. HABEAS STANDARD

Federal courts have the authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV. DISCUSSION

In his Petition, Petitioner argues that the IJ's bond determination was arbitrary and an abuse of discretion, that exhaustion of administrative remedies should not be required, and that immediate release is the only appropriate remedy. Dkt. 1. In their Return, Respondents do not address the merits of Petitioner's claim, arguing only that Petitioner should be required to exhaust available administrative remedies before the Board of Immigration Appeals ("BIA"). Dkt. 8. In his Reply, Petitioner maintains that Respondents' exhaustion argument is without merit and that waiver of exhaustion is appropriate. Dkt. 11 at 5–7. Petitioner emphasizes that Respondents do not meaningfully defend the adequacy of the IJ's bond denial decision, further demonstrating the legal indefensibility of Petitioner's continued detention. *Id.* at 2–4.

The Court agrees with Petitioner that exhaustion is properly waived, that the IJ's bond determination constituted an abuse of discretion, and that he is entitled to immediate release.[4]

First, even if exhaustion were required, as recently noted by another court in this District, waiver of that requirement is appropriate given the frequently delayed remedies available through the BIA and the comparatively swift relief available via habeas corpus proceedings:

> If Petitioner is correct that [his] detention is unlawful and h[is]immediate release is required, even a successful BIA appeal process is no adequate substitute for the swifter redress available through the habeas writ. A petition for writ of habeas corpus is "entitled by statute to special, preferential consideration to insure expeditious hearing and determination." *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737–38 (9th Cir. 1954). This is for good reason: the Constitution cannot abide the prolonged confinement of a person who by law should be at liberty. Therefore, "[t]he application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from [her] within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000).

[4] Notwithstanding the jurisdictional limitations in 8 U.S.C. § 1226(e), the Court also finds it has jurisdiction over Petitioner's claims. *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022); *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) ("[A] district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional.") (collecting cases).

*Roberts v. Scott*, No. 2:26-CV-01333-TL, 2026 WL 2071146, at *4 (W.D. Wash. July 17, 2026) (last alteration in original). Moreover, Petitioner identifies individualized harms caused by his continued detention pending BIA appeal, such as prolonging his separation from his family and constraining his ability to support them. Dkt. 1 at 14. Thus, the Court concludes that the circumstances presented here warrant waiver of the exhaustion requirement.

Next, as stated above, Respondents do not oppose the merits of Petitioner's claim and argue for dismissal only on exhaustion grounds. *See* Dkt. 8. Having rejected Respondents' sole argument for dismissal, the Court finds that Petitioner has satisfied his burden of demonstrating by a preponderance of the evidence that reviewable legal or constitutional errors pervaded his immigration bond proceedings and warrant the grant of habeas relief.

More specifically, the IJ's stated reasons for denying bond do not provide a rational basis for finding Petitioner to be a danger or flight risk. First, the Court cannot discern a rational connection between the IJ's concern that Petitioner was attempting to delay his individualized hearing—i.e. "legalize his status"—and her findings of dangerousness and flight risk. Dkt. 9-6 at 11. Indeed, Petitioner's apparent desire to obtain lawful status and remain in the United States runs directly counter to those findings.

Second, the IJ's generalized reference to "all the evidence of record" does not meaningfully identify the evidence supporting her dangerousness and flight risk findings or explain how that evidence supports either determination. Dkt. 9-6 at 11. The hearing transcript suggests that the IJ *may have* relied on Petitioner's remote criminal and immigration history, but even if this speculation is well placed, neither circumstance, especially absent any explanation, appears to provide a rational basis for finding that Petitioner poses a danger to the community or a flight risk. *See Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1080 (W.D. Wash. 2026) (remote voluntary departures did not provide rational basis for flight risk finding); *Sandoval v.*

*Hernandez*, No. 2:26-CV-01198-JNW, 2026 WL 1661379, at *5 (W.D. Wash. June 9, 2026) (noting that "minor" and "remote" criminal convictions could not rationally support bond denial for dangerousness or flight risk); *Layata Hernandez v. Hernandez*, No. 2:26-CV-01574-GJL, 2026 WL 1723680, at *7 (W.D. Wash. June 15, 2026) (similar and collecting authority).

Likewise, even if the IJ accepted the government's arguments concerning Petitioner's alleged limited prospects for relief from removal and his history of unauthorized employment, these circumstances also do not provide a rational basis for either finding. *See Soriano*, 830 F. Supp. 3d at 1081 (limited avenues for relief from removal and unauthorized employment history, which are common among noncitizens facing the prospect of removal, do not provide rational basis for flight risk finding); *see also Layata*, 2026 WL 1723680, at *6 (noting that, even permissible factors considered by IJs, "should not be viewed so broadly or given such undue weight as to risk either denying release or 'requiring a bond of almost every [noncitizen] who is held in deportation proceedings'") (quoting *Matter of Patel*, 15 I. & N. Dec. 666, 667 (BIA 1976)).

In short, a reasonable and impartial decision-maker presented with the facts and evidence of Petitioner's case would not conclude denial of bond was warranted. The Court therefore concludes that the IJ abused discretion in denying bond and that Petitioner's continued detention pursuant to that determination violates due process. *See Soto Gimenez v. Hernandez,* No. 2:26-CV-00966-GJL, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("Bond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case. Where those minimum requirements are not met, a resulting bond denial decision violates due process.").

With respect to the remedy, the Court finds that immediate release rather than a conditional writ requiring that another bond hearing be provided is the appropriate remedy here.

Indeed, Respondents have already been afforded an opportunity to cure legal deficiencies underlying Petitioner's detention and that they failed to do so. *See Ay Chan*, 2:26-cv-02467-TMC, Dkt. 10 (ordering bond hearing to cure legal defects underlying Petitioner's detention). And "[t]he consequence when the State fails to replace an invalid judgment with a valid one is *always* release." *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) (emphasis added).

## V. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

(1) Petitioner's habeas Petition (Dkt. 1) is **GRANTED;**

(2) Respondents **SHALL release** Petitioner Fernando Tellez Leyva from custody **IMMEDIATELY** either on his own recognizance or under conditions of supervision reasonably necessary to ensure his appearance; and

(3) Respondents **SHALL** file a declaration within **24 HOURS** of the issuance of this Order, confirming that Petitioner has been released from custody and providing the date and time of release.

Dated this 29th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge